1  Clayton C. James (Cal. Bar No. 287800)
   clay.james@hoganlovells.com
2  **HOGAN LOVELLS US LLP**
3  4085 Campbell Avenue, Suite 100
   Menlo Park, CA 94025
4  Telephone: (650) 463-4000
   Facsimile: (650) 463-4199
5
6  Attorneys for Apple Inc.

**FILED**

JAN 14 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

10                    CV 19   80 011 MISC   NC

   *In re Ex Parte* Application of Apple Inc. and    Case No.:
11 Apple Retail Germany B.V. & Co. KG,
                                                     **EMERGENCY UNOPPOSED EX PARTE**
12                                                   **APPLICATION FOR AN ORDER**
                    Applicants.                      **PURSUANT TO 28 U.S.C. § 1782 FOR**
13                                                   **LEAVE TO OBTAIN DISCOVERY FOR**
                                                     **USE IN A FOREIGN PROCEEDING**



EMERGENCY UNOPPOSED APPLICATION FOR         1
DISCOVERY UNDER 28 U.S.C. § 1782

Apple Inc. and Apple Retail Germany B.V. & Co. KG (collectively, "Apple") apply to the Court for an emergency order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain limited document discovery from Intel Corporation ("Intel") for use in a foreign litigation, *France Brevets S.A.S. v. Apple Retail Germany B.V. & Co. KG*, Case No. 4b O 106/18, in the District Court of Düsseldorf, Germany ("the German action"). Declaration of Clayton James ("James Decl.") at ¶ 3. Apple files this Application on an emergency basis because the documents sought relate to a hearing on a motion for preliminary injunction against Apple, scheduled for January 17, 2019. *Id.* at ¶¶ 4–5. Intel does not oppose this Application. *Id.* at ¶ 11.

This Application is supported by the memorandum of points and authorities below and the James Declaration, filed concurrently with this Application. The proposed subpoena to be served on Intel is attached as Exhibit A to this Application.

## INTRODUCTION

In aid of its proceedings in Germany against France Brevets S.A.S. ("France Brevets"), Apple seeks the production of license agreement that Intel entered into with third party Inside Secure regarding the licensing of certain European patents. Specifically, Apple seeks production of the license in order to confirm the validity and scope of the license with regard to France Brevets's right to assert a certain patent against Apple in the German action. This information is directly relevant to disputed issues in the German action, is in the possession of Intel in the United States, and cannot be obtained in the German action. The hearing for the preliminary injunction motion is rapidly approaching in the German action, with proceedings set to begin on January 17, 2019. Section 1782 specifically authorizes the production of documents such as those sought by Apple. Intel has indicated that it will not oppose the relief sought in this Application. Accordingly, Apple respectfully requests that the Court allow Apple to serve the subpoena as set forth in Exhibit A, so that Intel can produce the requested documents in time for the January 17, 2019, preliminary injunction hearing in Germany.

## BACKGROUND

Apple designs, manufactures, markets, imports, and sells computers, smartphones, and other personal technological devices. In the German action, plaintiff France Brevets asserts that Apple's smartphones infringe a particular European patent. James Decl. at ¶ 4. Third party Inside Secure S.A. owns the asserted patent, and France Brevets claims to be the exclusive licensee of that patent. *Id.* at ¶ 6. A disputed issue in the German action is whether France Brevets has an exclusive license to that patent, and the corresponding right to assert them against Apple, in light of the license agreement between Intel and Inside Secure. Neither France Brevets nor Inside Secure has produced the license to the German court. *Id.* at ¶ 9. Therefore Apple seeks to obtain a copy of the license from Intel through this Application.

This Court has authorized the *ex parte* filing of applications for discovery under Section 1782. *See, e.g.*, *In re Roebers*, No. C12-80145 MSC RS (LB), 2012 WL 2862122, at *2 (N.D. Cal. July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782."); *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte.") (internal quotation marks and citation omitted).

This Application satisfies Section 1782's three statutory requirements. First, it is in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Intel has its global headquarters in Santa Clara, California. Second, Apple seeks the discovery "for use in a foreign [] tribunal," *id.*, because it seeks to use it in the German court. Third, Apple is an "interested person" in the German action, because it is a party to the case. *See id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782.").

The Supreme Court has also set forth several non-exclusive factors to assist district courts in the exercise of their discretion in granting Section 1782 applications. *Id.* at 264–65. Each of these factors favors Apple's request. German courts are receptive to the type of discovery Apple seeks, the discovery provides key information for the German action, and the request is not made

EMERGENCY UNOPPOSED APPLICATION FOR         3
DISCOVERY UNDER 28 U.S.C. § 1782

to circumvent any limitation on discovery imposed by German courts. Moreover, Apple's discovery request is narrowly tailored and is not unduly intrusive or burdensome. Accordingly, Apple respectfully requests the Court grant Apple's Application.

## LEGAL STANDARD

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. "[Because] our courts favor broad discovery generally, the Court will authorize the issuance of the requested subpoena [under § 1782]." *In re Ex Parte LG Elec. Deutschland Gmbh*, No. 12-cv-1197-LAB (MDD), 2012 WL 1836283, at *3 (N.D. Cal. May 21, 2012). Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…. The order may be made [] upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782. The statute therefore sets forth three requirements that authorize a district court to grant a Section 1782 application where "(1) the discovery is sought from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an interested person.'" *In re Ex Parte Application of Apple Inc.*, No. 12-MC-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012). As soon as the three statutory requirements have been met, "a district court is free to grant discovery in its discretion." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (quotation omitted).

In addition, courts evaluate several non-exclusive factors in order to decide whether to exercise their discretion in granting Section 1782 applications, including (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

EMERGENCY UNOPPOSED APPLICATION FOR      4
DISCOVERY UNDER 28 U.S.C. § 1782

foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the discovery is 'unduly intrusive or burdensome.'" *Intel Corp.*, 542 U.S. at 264–65. "District courts utilize their discretion keeping in mind the 'twin aims' of § 1782: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Varian*, 2016 WL 1161568, at *2 (citing *Intel Corp.*, 542 U.S. at 264–65).

## ARGUMENT

This Application meets each of the statutory requirements of Section 1782. Furthermore, each of the discretionary factors articulated in *Intel Corp.* favor granting the Application.

**A.      The Application Meets the Section 1782 Requirements.**

This Application meets all three statutory requirements set forth Section 1782.

First, the person from whom the discovery is sought, Intel, "resides or is found" in this District. 28 U.S.C. § 1782(a). Intel holds the license at the center of Apple's discovery request, and has its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054. James Decl. at ¶ 7. Therefore Intel "resides or is found" in this District.

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). The German action was brought by France Brevets against Apple in the District Court of Düsseldorf. Apple seeks discovery from Intel in relation to its contention that France Brevets does not have an exclusive license to the asserted patent and corresponding authority to assert it against Apple in the German action. This Court has recognized that foreign adjudicative bodies such as the District Court of Düsseldorf qualify as "tribunals" for the purposes of Section 1782. *See, e.g., Varian*, 2016 WL 1161568 at *3 (recognizing Mannheim District Court in Germany as a foreign tribunal); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *1, 5 (N.D. Cal. Jan. 13, 2009) (recognizing Düsseldorf Regional Court in Germany as a foreign tribunal). Third, Apple is an "interested party" because

EMERGENCY UNOPPOSED APPLICATION FOR            5
DISCOVERY UNDER 28 U.S.C. § 1782

it is a named party in the German action. 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782").

Therefore Apple has met each of the statutory requirements for an application under Section 1782.

**B.     The *Intel* Factors Strongly Favor Grating the Application.**

Each of the discretionary factors set forth in *Intel Corp.* favor granting Apple's request for discovery.

        **1.     Apple Seeks Highly Relevant Information that Will Assist the German Court.**

The Supreme Court advised district courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. This factor focuses on "whether the foreign tribunal is willing to consider the information sought" because if "there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Varian*, 2016 WL 1161568, at *4 (citations omitted). This Court has recognized that German courts are receptive to discovery obtained through Section 1782. *See, e.g., id.*; *In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014) (finding German courts could be expected to be receptive to requested documents); *In re Apple Inc.*, 2012 WL 1570043, at *2 (finding that German courts would not disallow discovery obtained in Section 1782 application in German patent litigation).

Apple's sought discovery will help the German court resolve the dispute because it is directed to the plaintiff's ability to assert a certain patent against Apple as an exclusive licensee. Apple seeks from Intel its license agreement with the owner of the asserted patent. If the discovery Apple seeks confirms that Intel has a valid license, then Apple will be able to prove that France Brevets is not an exclusive licensee of the asserted patent and has no corresponding

EMERGENCY UNOPPOSED APPLICATION FOR      6
DISCOVERY UNDER 28 U.S.C. § 1782

authority to assert it against Apple. This alone could result in a dismissal of France Brevets's motion for a preliminary injunction.

Therefore, the nature of the German court, the character of patent litigation proceedings, and the receptivity of German courts to discovery obtained in Section 1782 applications weigh in favor of granting this Application.

### 2. No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

A district court may consider whether an applicant is seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. Apple is unaware of any restrictions imposed by German courts on proof-gathering procedures that would prohibit it from obtaining and introducing the discovery it seeks through Section 1782. This Court has held that discovery pursuant to Section 1782 for use in German patent proceedings is not barred by any foreign discovery restrictions. *See, e.g., Varian*, 2016 WL 1161568, at *5 (granting § 1782 application to take discovery for German patent proceeding where applicant was unaware of any restrictions that would prohibit it from using the discovery); *In re Google Inc.*, 2014 WL 7146994, at *3 (granting § 1782 application to take discovery for German patent proceeding where the applicant averred that the German courts "can be expected to be receptive to the information obtained by this request" and holding that there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions"). This factor too weighs in favor of granting Apple's Application.

### 3. Intel is Not a Party to the German Action.

*Intel Corp.* further instructs courts to inquire whether "the person from whom discovery is sought is a participant in the foreign proceeding." 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). This factor arose out of the Supreme Court's concern that a party to foreign litigation

EMERGENCY UNOPPOSED APPLICATION FOR                7
DISCOVERY UNDER 28 U.S.C. § 1782

would use Section 1782 to obtain discovery in the U.S. that it could have obtained from the foreign tribunal. *See id.* (finding that "the need for § 1782(a) generally is not as apparent" when the party from whom discovery is sought is a party to the foreign proceeding because "[a] foreign tribunal ... can itself order them to produce evidence.").

Here, Intel is not a party to the German action. Neither France Brevets nor Inside Secure has produced the license agreement in the German action. James Decl. at ¶ 9. And, German courts have very little ability to order document production or other discovery. *Id.* at ¶ 10; *see also Heraeus Kulzer v. Biomet*, 633 F.3d 591, 597 (7th Cir. 2011) ("authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"). The German court therefore could not have ordered Intel to produce the discovery Apple seeks in sufficient time for use at the preliminary injunction hearing. Accordingly, this factor favors granting the Application.

### 4. Apple's Discovery is Narrowly Tailored to Avoid Undue Burden.

The Supreme Court emphasized that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel Corp.*, 542 U.S. at 265. Here, Apple's proposed discovery requests are narrowly tailored and minimally burdensome. Apple seeks the production of only one license and any amendments to that license. Intel has indicated that it does not oppose Apple's discovery requests and is willing to respond to them once a formal subpoena has issued. Therefore this factor weighs in favor of granting the Application as well.

### CONCLUSION

Apple seeks narrowly tailored discovery for use in a German patent proceeding that is set to go to trial by January 17, 2019. The Application meets the statutory requirements of 28 U.S.C. § 1782, and each of the *Intel Corp.* factors weighs in favor of the Court exercising its discretion to grant the Application. Intel does not oppose this Application. Apple therefore respectfully requests this Court grant Apple's Application as soon as practicable, authorizing

Apple to serve Intel with a Subpoena in substantially the same form as Exhibit A, so that it may obtain the documents from Intel in time for the January 17, 2019, preliminary injunction hearing in the German proceedings.

Dated: January 13, 2019

          Respectfully submitted,

          */s/   Clayton C. James*
          Clayton C. James
          clay.james@hoganlovells.com
          **HOGAN LOVELLS US LLP**
          4085 Campbell Avenue, Suite 100
          Menlo Park, CA 94025
          Telephone: (650) 463-4000
          Facsimile: (650) 463-4199

          *Counsel for Apple Inc.*

EMERGENCY UNOPPOSED APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782    9